UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANOVER INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>MASON MCDUFFIE REAL ESTATE, INC., et al.,<br><br>Defendants. | Case No.16-cv-01114-JST<br><br>**ORDER GRANTING MOTION TO STAY**<br><br>Re: ECF No. 45 |

Before the Court is Mason McDuffie Real Estate, Inc.'s Motion to Stay. ECF No. 45. The Court will grant the motion.

## I. BACKGROUND

Defendant Mason McDuffie Real Estate, Inc. ("McDuffie"), a real estate services provider, holds a professional liability insurance policy from the plaintiff Hanover Insurance Company ("Hanover"). ECF No. 1 ¶¶ 8, 22. McDuffie was sued in the Contra Costa Superior Court for the State of California in a consumer class action lawsuit (the "Underlying Action"). ECF No. 47 at 5-37. Plaintiffs in the Underlying Action alleged seven causes of action, including breaches of fiduciary duties and violations of California Business and Professions Code § 17200 resulting from unfair, unlawful, and fraudulent business practices. Id. ¶¶ 96-98. Hanover is currently funding McDuffie's defense in the Underlying Action. Id. ¶ 4.

Hanover brought this declaratory judgment action (the "Instant Action") to obtain a declaration that it does not owe a duty to defend or indemnify McDuffie in the Underlying Action. ECF No. 1 ¶¶ 24-28. According to Hanover, the conduct alleged in the Underlying Action was excluded from its insurance policy under Exclusion 11. Id. Exclusion 11 provides that the insurance policy does not apply to claims "arising out of false advertising, misrepresentation in

advertising, antitrust, unfair competition, restraint of trade, unfair or deceptive business practices, including but not limited to, violations of any local, state or federal consumer protection laws." ECF No. 1-2 at 14.

McDuffie filed the present motion to stay proceedings on August 6, 2016. ECF No. 45. The Court heard oral argument on this motion on November 17, 2016. ECF No. 56.

## II. LEGAL STANDARD

A district court's discretion to stay proceedings "is incidental to the power inherent in every court to control disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). Whether to stay proceedings is entrusted to the discretion of the district court. See id. at 254-55 ("How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."). The burden is on the movant to show that a stay is appropriate. See Clinton v. Jones, 520 U.S. 681, 708 (1997).

## III. ANALYSIS

McDuffie argues that California law "mandates the grant of a stay in a case such as this, where factual determinations yet to be made in the Underlying Action overlap with the coverage questions in the Instant Action for declaratory relief." ECF No. 45 at 6, 8-10. McDuffie further argues that, even if a stay is not mandatory, the Court should exercise its discretion to stay the Instant Action to avoid prejudice to the insured and to promote judicial economy. Id. at 10-11.

Hanover argues that California law does not mandate a stay because "the potential for overlapping factual issues in this action and the Underlying Action is nonexistent." ECF No. 51 at 7-8. Hanover also argues that discretionary factors do not favor a stay. Id. at 8-14.

### 1. California Law Does Not Mandate a Stay

"If the factual issues to be resolved in the declaratory relief action overlap with issues to be resolved in the underlying litigation, the trial court *must* stay the declaratory relief action." Great Am. Ins. Co. v. Superior Court, 178 Cal. App. 4th 221, 235–36 (2009) (emphasis in original). Under such circumstances, a stay of the declaratory relief action is necessary "[t]o eliminate the risk of inconsistent factual determinations that could prejudice the insured."

2

Montrose Chemical Corp. v. Superior Court ("Montrose I"), 6 Cal. 4th 287, 301-02 (1993). Thus, the question is whether the Instant Action will raise factual issues that overlap with issues to be resolved in the Underlying Action.

McDuffie contends that the Instant Action will raise overlapping factual issues because "Hanover will seek to prove that their insureds [McDuffie] engaged in negligent conduct, excluded acts of unfair competition, restraint of trade, unfair or deceptive business practices, and violations of any local, state or federal consumer protection laws." ECF No. 45 at 11.

Hanover counters that "the potential for overlapping factual issues in this action and the Underlying Action is nonexistent." ECF No. 51 at 7-8. According to Hanover, that potential is nonexistent because the determination of whether it owes McDuffie a duty to defend "usually is made in the first instance by comparing the allegations of the complaint with the terms of the [insurance] policy," neither of which could result in factual determinations of McDuffie's actual conduct. Id. at 7 (quoting Montrose I, 6 Cal. 4th at 295). Hanover admits, however, that extrinsic facts—beyond the underlying complaint's allegations and the insurance policy—"can impact the duty to defend . . . if they are known by the insurer at the time it is called upon to determine the duty to defend." Id. at 7-8. But it asserts that it "has not claimed knowledge" and "will not be seeking discovery" of any such facts. Id. at 8. Further, Hanover represented at the hearing on this motion that it would accept a hypothetical Order limiting the evidence it could introduce at trial to the insurance policy, the underlying complaint, and any judgment in the Underlying Action, thus eliminating any prejudice to McDuffie. See ECF No. 57 at 11-13.

In light of Hanover's agreement to limit its case in this way, the Court concludes that the factual issues in the Instant Action would not overlap with the factual issues in the Underlying Action, and so California law does not mandate a stay. To prevail on its claim for declaratory relief, Hanover will not have to prove that McDuffie actually engaged in conduct constituting "unfair competition," "unfair or deceptive business practices," or any other excluded ground under Exclusion 11. ECF No. 1 ¶ 25; see Buss v. Superior Court, 16 Cal. 4th 35, 45–46 (1997). Rather, Hanover will merely have to show that the underlying allegations are "of the nature and kind" that are excluded by the policy, and this showing is "logically unrelated" to the factual issues in the

1  Underlying Action. See Montrose I, 6 Cal. 4th at 302; see also Progressive Cas. Ins. Co. v.

2  Dalton, 12-cv-00713-MCE-CKD, 2012 WL 6088313, at *12 (E.D. Cal. Dec. 6, 2012) (holding the

3  court could "resolve the declaratory judgment action" without "inquir[ing] into the possible

4  negligence or breach of fiduciary duty by the Directors and Officers"). Finally, Hanover has made

5  multiple representations that it will not raise factual issues regarding McDuffie's conduct, and

6  McDuffie has not indicated that it will seek such facts from Hanover.[1] See ECF No. 51 at 8; ECF

7  No. 57 at 11-13. Because there is no risk of overlapping factual issues, California law does not

8  mandate a stay.

### 2. A Stay is Appropriate in Light of Discretionary Factors

"[I]n a case in which there is no factual overlap . . . the trial court must exercise its discretion on a motion for stay." Great American Insurance Co. v. Superior Court, 178 Cal. App. 4th 221, 237 (2009). The court must "balanc[e] the insured's interest in not fighting a two-front war against the insurer's interest in not being required to continue paying defense costs which it may not owe and likely will not be able to recoup." Id. The balancing inquiry is "circumstance-specific," and relevant factors may include "the anticipated duration of the underlying litigation, whether the insured has separate counsel in the two actions, and the availability of other insurance to cover the costs of defense." Id.

McDuffie argues that a stay would promote judicial economy and alleviate the prejudice that McDuffie would otherwise face if it were forced to fight a two-front war against the plaintiffs in the Underlying Action and against its own insurer in the Instant Action. ECF No. 45 at 11; ECF No. 52 at 7-8.

In response, Hanover argues that federal abstention principles counsel against a stay. ECF No. 51 at 8-13. Specifically, Hanover contends that simultaneous litigation will clarify the legal relationship between the parties so that Hanover does not have to pay defend McDuffie if it has no

---

[1] McDuffie has, however, indicated that it would seek discovery of other facts. In particular, it indicated that it would pursue discovery of facts showing that the breach of fiduciary duty cause of action in the underlying complaint is typically covered by the kind of insurance policy that McDuffie holds. See ECF No. 57 at 13-15. These facts also pose no risk of prejudicing McDuffie in the Underlying Action because they do not bear upon McDuffie's conduct.

legal obligation to do so.  Id. at 12 (citing Century Surety Co. v. Byal, No. 10-cv-03917-WHA, 2011 U.S. Dist. LEXIS 68771, at *10 (N.D. Cal. June 27, 2011)).

        The Court agrees with McDuffie and concludes that a stay is appropriate for two reasons.

        First, McDuffie is at a greater risk of prejudice from litigating a two-front war than Hanover is from waiting for resolution of the Underlying Action to resolve its duty to defend. This type of prejudice to the insured is "an issue for the trial court to consider *every time* an insured seeks to stay a declaratory relief action while the underlying action is still pending," regardless of whether there is factual overlap with the issues in the underlying litigation.  Great American Ins. Co., 178 Cal. App. 4th at 236 (emphasis in original).  If the motion to stay is denied, McDuffie will be fighting a two-front war between the plaintiffs in the Underlying Action, on one side, and its own insurer, Hanover, on the other.  That two-front war will strain McDuffie's finite "money and human resources."  Montrose Chemical Corp. v. Superior Court ("Montrose II"), 25 Cal. App. 4th 902, 910 (1994).  Although the "anticipated duration" of the Underlying Action could be very short given the pending petitions to compel arbitration, the insured does not have separate counsel in the two actions: John C. Kirke represents McDuffie in both.  See ECF No. 47 at 39-42; ECF No. 57 at 3, 5.  Neither party has indicated, either in their briefs or at the hearing, whether McDuffie has other insurance to cover the costs of defense beyond the policy it holds with Hanover.  On balance, the Court finds that these considerations weigh in favor of a stay and illustrate the distinct type of prejudice McDuffie faces by continued litigation in the Instant Action.

        Unlike the prejudice to McDuffie, which is certain to result if this Court denies the motion to stay and forces McDuffie to fight a two-front war, the countervailing prejudice to Hanover is uncertain.  It is true that Hanover might be forced to expend its own money and human resources defending McDuffie in the Underlying Action, even though this Court could ultimately determine that it has no legal obligation to do so.  However, that prejudice depends on Hanover prevailing in the Instant Action, an issue the Court has not yet reached.  Even assuming the potential prejudice to both sides is comparable, any doubt should be resolved in favor of the insured.  See Scottsdale Insurance v. Homestead Land Development, 145 F.R.D. 523, 532 (N.D. Cal. 1992) ("Over the

past four decades California courts have sought to articulate doubt resolution rules that substantially reduce the likelihood that individual insureds will be left defenseless as a result of apparently self-serving decisions by carriers to deny a duty to defend pending resolution of substantive coverage issues."). Therefore, the Court concludes that the prejudice to McDuffie weighs in favor of a stay.

Second, judicial economy will be served by a stay if the Underlying Action is resolved within the insurance policy's deductible, thus rendering the Instant Action moot. This is a concrete possibility given that petitions to compel arbitration in the Underlying Action are currently on appeal before a California Court of Appeal. See ECF No. 47 at 39-42. At the hearing on this motion, counsel for McDuffie represented without contradiction that Hanover's expenses defending the Underlying Action are currently within the deductible of McDuffie's insurance policy. See ECF No. 57 at 3, 5. If the California Court of Appeal grants McDuffie's petitions to compel arbitration, the Instant Action is moot. A stay therefore avoids wasting judicial resources.

Finally, Hanover's discussion of the federal abstention factors is not persuasive. The only factor that affirmatively weighs in favor of a stay is resolving the parties' legal relations, and that factor is beneficial because it avoids the "possib[ility] that Hanover would have to pay to defend . . . even if it is ultimately determined that Hanover had no such duty." ECF No. 51 at 12. The Court has already considered this factor as part of its analysis of the relative prejudice to the parties. Discretionary factors favor a stay of this action.

## CONCLUSION

The Court grants McDuffie's motion to stay.

IT IS SO ORDERED.

Dated: December 14, 2016

_____
JON S. TIGAR
United States District Judge